# P. M. HENNESSEY CONSTRUCTION COMPANY v. FRANK B. HART AND ANOTHER.[1]

January 24, 1919.

No. 21,047.

**Assignment of building contract construed — sharing losses — estimates.**

1. Plaintiff assigned to defendants a building contract which it had partially performed, together with the right to receive all moneys due and to grow due thereon. Defendants agreed to complete the building, indemnify plaintiff against liability on the contract, and assume the same relation towards the owner for whom the building was to be constructed as though they, instead of plaintiff, had made the contract. When the building was completed each party was to account to the other for all work done and moneys received, and plaintiff was to be credited with the labor and materials it had furnished up to the date of the execution of its contract with defendants and charged with all moneys or estimates it received from the owner, and was to receive 25 per cent of the profits which might be realized. *Held*:

(a) That as between plaintiff and the defendants, the latter became substituted for the former as to the future performance of the build-ing contract.

(b) That plaintiff was not to bear any portion of the losses which might arise from the construction of the building.

(c) That it was not entitled to receive the full amount of preliminary estimates allowed by the architect in charge of the work, but only the actual value of the labor and materials furnished.

**Architect's preliminary estimates not final.**

2. A builder's preliminary estimate when allowed by an architect does not fix the actual but only the approximate value of the labor and materials covered by the estimate.

[1]Reported in 170 N. W. 597.

141 M.—29.

Action in the district court for Ramsey county for an accounting and to recover $4,717.67. The case was tried before Brill, J., who made findings and ordered judgment in favor of defendants. Plaintiff's motion for judgment in its favor for $4,723.65 or for a new trial was denied. From the order denying its motion, plaintiff appealed. Reversed with directions.

*C. D. & R. D. O'Brien,* for appellant.

*Moore, Oppenheimer & Peterson,* for respondents.

LEES, C.

On October 23, 1916, plaintiff entered into a contract with Saint Thomas College for the erection of a chapel. The contract price was $74,787.65. The contract provided that on the fifth day of each month the architect in charge of construction should issue certificates based on estimates of the amount of labor performed and materials delivered and installed in the building during the previous month, less 15 per cent to be withheld until final payment was made. It also provided that no certificate except the final one should be conclusive evidence of the performance of the contract in whole or in part. Between October 23 and the following December 16, plaintiff was engaged in the performance of the contract. P. M. Hennessey and his wife were plaintiff's officers and only stockholders. November 12, 1916, Mr. Hennessey died. Mrs. Hennessey was unable to go on with the work. Defendant Hart had been employed by plaintiff for many years to superintend its building operations and had been in charge of the construction of the chapel from the beginning. Soon after Mr. Hennessey's death it transpired that plaintiff had given no bond to secure the performance of the contract. The architect demanded a bond. Mrs. Hennessey was unable to procure one from a surety company. At her direction, her attorney set about obtaining a bond. Hart agreed to become surety upon the required bond with one Nickel. Immediately thereafter negotiations were begun between him and Mrs. Hennessey and her attorney, looking towards his taking over the future performance of the contract. The negotiations fell through. A little later they were renewed, with the result that on December 16, 1916, a contract was executed between plaintiff and de-

ndants containing in substance the following provisions by which the ghts and duties of the parties are to be determined:

Plaintiff assigned to defendants its contract with the college and all oneys due and to grow due thereon as fully as though defendants had en the original parties to the contract, agreed to execute any orders or wers of attorney necessary to enable defendants to receive all estiates and moneys payable to the contractor, and gave defendants the se of its tools and appliances then employed in the work of building e chapel.

Defendants agreed to furnish the labor and materials required to finh the building and to assume all liabilities on the part of plaintiff to bcontractors, materialmen and other persons, arising out of its perrmance of the contract up to that time. They agreed to furnish the nd required, and that plaintiff should receive one-fourth of the net rofits accruing to them from performance of the contract.

It was mutually agreed that the parties should account to each other r all work done and moneys received from the time when the conact with the college was executed, up to the time when it had been lly performed, and that plaintiff was to be credited with all labor had provided and all materials it had furnished up to December 16, 916, the date of the contract, and was to be charged with all moneys or timates it received. It was declared to be the intention of the parties substitute defendants for plaintiff in the completion of the building the same extent as if defendants, instead of plaintiff, had made the ntract with the college.

Defendants completed the chapel, expending $65,839.17. Plaintiff xpended $13,395.90 for the labor and materials it furnished up to e time when defendants took over the work. The total amount reived from the college was $77,002.67. The net loss resulting from the erformance of the contract was $2,232.40. Prior to Mr. Hennessey's eath plaintiff presented to the architect an estimate of $7,685.50 and ceived a certificate for $6,532.68, fifteen per cent of the estimate being tained under the provisions of the contract. The amount of the cerficate was paid to plaintiff. After his death another estimate was resented of $9,858, and a certificate issued for $8,379.30, fifteen per nt of the estimate being again withheld. A check for the amount

of the certificate, payable to plaintiff, was issued. Plaintiff indorsed an delivered it to defendants, to whom it was paid. It is asserted that th was done because Hart represented that there were outstanding bil against plaintiff which must be paid, and that it was agreed that aft paying such bills he should repay to plaintiff the remainder of the mon received on the check, and that he has failed to do so.

This action was brought prior to October 24, 1917. On that date d fendants paid plaintiff $6,287.15, under a stipulation that neither par should be prejudiced thereby as to their respective rights. At the tin of the trial it appeared that plaintiff had received in all $13,019.83, an defendants $64,182.84, as against an expenditure by the former $13,395.90 and by the latter of $65,839.17. By this action plaint sought to recover the 15 per cent withheld on its two estimates, plu the difference between the amount defendants received on the secon estimate and the amount they paid plaintiff under the stipulation. Th case was tried by the court without a jury. The findings were, th plaintiff was not entitled to recover anything. There was a motion set aside the conclusions of law and, that being denied, for a new tria From an order denying the motion for a new trial, plaintiff appealed.

The rights of the parties are determined by the construction to b placed upon their contract of December 16. Taking into consideratio their situation and the circumstances then existing, the language en ployed in stating the terms of their agreement must be construed to hav been intended to effect a substitution of defendants for plaintiff in th further performance of the latter's contract with the college. As betwee plaintiff and defendants, the former was relieved from responsibility o and the latter became bound to perform, the contract.

. When the chapel was completed and final payment made, plainti was to receive 25 per cent of the net profits. To ascertain whether the were any profits it was stipulated that there should be an accountin At the trial evidence was introduced showing that the amounts ex pended and received by each of the parties were as stated in the finding It is not contended that the findings are not correct as to these particu lars. It appears, therefore, that in finding that plaintiff was not ent tled to recover anything, the court in effect divided the loss arising fro the performance of the contract, the result being that plaintiff is o

376.07, while defendants are out $1,656.33. We are unable to discover the theory upon which this result was reached.

The contract between the parties makes no provision for sharing losses. It cannot be construed to create a partnership under which each party might be liable for his proportion of the total loss. On the contrary, that portion of the contract which provides that plaintiff is to be credited with all of the labor it provided and all the materials it furnished up to December 16, 1916, and charged only with any moneys or estimates it received from the college, points clearly to the conclusion that it was to be reimbursed as to all its expenditures and that the risk of loss lay wholly with defendants. We are unable to reconcile the provisions of the contract with the conclusion reached by the trial court, insofar as that conclusion has placed a portion of the loss growing out of the performance of the contract upon the plaintiff. On the other hand, plaintiff's contention that it is entitled to be credited with the full amount of the first two estimates is untenable. An estimate, as the word implies, is a mere approximation. Shipman v. State, 43 Wis. 381, 389; Louisiana Molasses Co. v. LeSassier, 52 La. Ann. 2070, 28 South. 217; Words & Phrases (First Series) 2492. By the express terms of its contract with defendants, plaintiff was to be credited with the labor and materials it actually furnished, not with the estimated value thereof. It was to get back its expenditures incurred in its partial performance of the contract and 25 per cent of the profits, if profits were realized. If appellant's construction of the contract were adopted, it would receive $4,347.58 more than it paid out, while defendants would receive $6,379.98 less than they paid out. Such a result would be totally inconsistent with the provision for the division of profits. We construe the contract to mean that plaintiff should receive all that it expended, but nothing more, in view of the fact that no profits were realized. In this view of the case it is immaterial whether plaintiff turned over the check for $8,379.30 to defendants pursuant to the alleged agreement with them, for the reason that the money received thereon must be taken into account in any event in the final settlement whether it was received by one party or the other. The conclusion of law should have been modified on plaintiff's motion so as to award judgment in its favor for $376.07

with interest from November 20, 1917, the date when it appears th
defendants received final payment from the college.

The order denying the motion for a new trial is reversed and the ca
remanded with directions to amend the conclusions of law as indicate
herein. It is so ordered.